United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31083
_____

JOHNNY L. JOHNSON,

Plaintiff-Appellant,

v.

CROWN ENTERPRISES, INC.; DIXIE HARVESTING COMPANY AND CORA-TEXAS
MANUFACTURING COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Johnny Johnson appeals from the district court's determination that his racial discrimination claim was time-barred. Because we conclude that his claim related back to the filing of his original petition, we reverse this part of the judgment. Johnson also contends that the district court improperly found that a parent company and its subsidiary, the company for which Johnson worked, were not a single enterprise. On this point, we agree with the district court and so affirm that portion of its judgment.

Johnson hauled sugar cane as a truck driver for Appellee Dixie Harvesting Company. This work was seasonal, lasting the

1

five months of the sugar cane harvest each year. Johnson hauled sugar during the 1998-1999 harvest season and again during the 1999-2000 season. Although Johnson's original pleadings claimed that he was an employee, the parties now agree that he was, in fact, an independent contractor.

During the second season, Johnson, who is African-American, alleges that he overheard Kevin Medine, the Dixie employee in charge of hiring, telling three white men, "Man, I'm sick of these damn n******' trucks breaking down. I'm gonna stop hiring these  n****** and hire some of my buddies with them good trucks where this damn cane can get hauled to the mill."

Following this, Johnson was not rehired for the 2000-2001 season, nor for any season after that. Johnson alleges that sixteen other African-American truckers' contracts also were not renewed for the 2000-2001 season, although the other truckers' claims are not part of this lawsuit. Johnson also alleges that Dixie hired thirteen new truckers for the 2000-2001 season and that all of these truckers were white.

Johnson filed a charge of discrimination with the EEOC and, after receiving a right-to-sue letter, sued Dixie and two companies that Johnson alleged were interrelated with Dixie—Crown Enterprises, Inc., and Cora-Texas Manufacturing Company. Johnson originally sued under Title VII, contending that he was a "contract employee" of Dixie. After some delay, Dixie filed its answer, denying liability in part because Johnson was an

independent contractor, not an employee, and thus excluded from Title VII's protection.  Johnson moved to amend his complaint to add a claim for racial discrimination under 42 U.S.C. § 1981, which does not require the plaintiff to be an employee.  The magistrate judge granted this motion.  Although they had opposed the motion to amend, Dixie and the other defendants never filed an objection to the magistrate judge's ruling.  Dixie, Crown, and Cora-Texas then moved for summary judgment, arguing among other things that the limitations period had run on Johnson's § 1981 claims and that Dixie and Crown did not form a single enterprise.

The district court granted Dixie's motion for summary judgment.  The court found that Johnson's § 1981 claims were barred by limitations, that he could not establish a Title VII claim because he was not an employee,[1] and that Crown and Cora-Texas were not part of a single enterprise with Dixie.  This appeal followed.

**Standard of Review**

We review the district court's summary judgment decision de novo.  *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004).  In reviewing this decision, we use the same standards as the district court.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004).  In other

---

[1]Johnson now concedes that he cannot proceed on his Title VII claim and admits that he was not, in fact, an employee.

3

words, we ask whether the movant has shown the nonexistence of any genuine issues of material fact and that he is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

**Limitations Period**

Section 1981 does not contain a limitations period. For claims under this section, courts have traditionally applied the relevant state personal injury limitations period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661–62 (1987). In this case, that would be Louisiana's one-year prescriptive period for tort actions. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985). Although Johnson's original complaint was filed within this period, limitations had run by the time that Johnson made a § 1981 claim in his amended complaint.

In his reply brief, however, Johnson argues that the one-year period does not apply, based on an intervening Supreme Court case, *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004). *Jones* provides that claims under the 1991 revisions to § 1981 have a four-year limitations period. *Jones*, 124 S. Ct at 1845-46. The 1991 revisions allow a plaintiff to sue for conduct, such as harassment or termination, that occurs after contract formation.

We believe, however, that Johnson is not suing the Appellees for conduct occurring after contract formation, but rather for failure to enter into a new contract with him. His brief clearly

4

indicates that his claim is not based on termination, even stating that "[t]here was no termination involved in the present case." Thus, *Jones* does not alter the limitations period for Johnson's § 1981 claim.

**Relation Back**

Given the one-year limitations period, Johnson contends that the district court erred in concluding that the § 1981 claim in his amended complaint did not relate back to the date of his original complaint, which was filed within the one-year period.

Federal Rule of Civil Procedure 15(c) provides that, in certain circumstances, amendments to pleadings relate back to the date of the original pleading. One of those circumstances is when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). Thus, the focus is "not . . . the caption given a particular cause of action, but . . . the underlying facts upon which the cause of action is based." *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991). "The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968).

The district court concluded that Johnson's amended pleading

did not meet this requirement because "the Title VII claim and the § 1981 claim are two separate and distinct claims that have different elements of proof and different procedural requirements regarding exhaustion of remedies and time limitations."  This analysis does not follow Rule 15(c), which asks whether the new claim arose out of the same conduct, transaction, or occurrence as the originally-pleaded one.  Although the elements of proof might be relevant to the decision,[2] whether the claims involve the same conduct, transaction, or occurrence remains the central issue.

Moreover, several Fifth Circuit cases contradict the district court's rigid distinction between Title VII and § 1981 claims.  For example, in *Watkins*, the court held that the plaintiff's Title VII allegation related back to her earlier barred § 1981 pleading "because both causes of action were based upon the same facts and allegations of discrimination."  922 F.2d at 265.  Similarly, in *Caldwell v. Martin Marietta Corp*., 632 F.2d 1184, 1187 (5th Cir. Unit B 1980), the court determined that a new Title VII claim related back to the date that the plaintiff originally filed his § 1981 complaint.  Although neither of these cases involved the issue of employee status, each is contrary to

---

[2]*See* 3 MOORE'S FEDERAL PRACTICE § 15.19[2] at 15-83 (stating that one relevant factor is "[w]hether the plaintiff will rely on the same kind of evidence offered in support of the original claim to prove the new claim").

the district court's conclusion that the two claims are inherently different.

Johnson's § 1981 claims arise from the same conduct, transaction, or occurrence as his Title VII claims do. The two claims are based on identical allegations of discrimination; both are based on the hiring decisions made after Medine's comments. The only real difference between the claims is in the characterization of Johnson's status as an independent contractor or as an employee. Thus, the district court erred in concluding that Johnson's claims did not relate back under Rule 15.[3] Johnson's claims are not barred by limitations.

**Single Enterprise**

Johnson further argues that the district court should have concluded that a fact question existed concerning whether Dixie

---

[3]Johnson's original Title VII claims may have had a jurisdictional defect because it appears that Dixie did not have enough employees to satisfy the statute's definition of "employer." *See Arbaugh v. Y&H Corp.*, 380 F.3d 219, 224-25 (5th Cir. 2004) (reiterating that failure to meet Title VII's employee count requirement deprives the court of jurisdiction). The relation back of Johnson's § 1981 claim cures this problem, as well. In *Sessions v. Rusk State Hospital*, we described this cure:

> A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction. If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed.

648 F.2d 1066, 1070 (5th Cir. 1981)(citations omitted).

7

and Crown formed a single enterprise.  If the two formed a single enterprise, Johnson contends, Crown would be liable for Dixie's actions.  Johnson's argument is based on the Supreme Court's *Radio Union* test for determining a single enterprise under the Fair Labor Standards Act.[4]  He argues that this single enterprise test, which this circuit has applied in Title VII and other employment discrimination cases, should also apply to § 1981 cases.

This circuit first applied the four-factor single enterprise test to determine whether two entities served as a single employer for Title VII purposes in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983).  The four relevant factors are "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Trevino*, 701 F.2d at 404.  The second factor has been refined into an inquiry about "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?"  *Id*. (quoting *Odriozola v. Superior Cosmetic Distribs., Inc.*, 531 F. Supp. 1070, 1076 (D.P.R. 1982)).  This factor, furthermore, has been called the most important one.  *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).  *But see Carpenter Local Union*

---

[4]The Court articulated this test in *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965).

*No. 846 of United Brotherhood of Carpenters v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 505 (5th Cir. 1982) ("[N]o one of the factors is controlling . . . nor need all criteria be present.")(citation omitted).

Assuming that the *Trevino* test applies, Johnson seems to have presented evidence of the interrelation of operations and, to a lesser extent, common management. Crown and Dixie operate from the same building, and Dixie uses Crown for secretarial support and supplies, such as copiers and paper. Crown does not appear to separately account for the time its employees spend doing administrative work for Dixie. Further, Crown's personnel director, Louis Jordan, responded to Johnson's EEOC charge. Jordan also testified that any Dixie contractor could have gone to him with any complaints about the nonrenewal of a contract with Dixie.

As for common ownership or financial control, both corporations were formed and originally owned by one person, Ross Campesi, Sr. Campesi transferred ownership of Crown to one son, Ross Campesi, Jr., and transferred Dixie to another son, Michael Campesi. There is, therefore, a history of common ownership and current family ownership.[5]

---

[5]In a different context, we have cited with approval cases indicating that family ownership is common ownership. *J. Vallery Elec., Inc. v. NLRB*, 337 F.3d 446, 451 n.16 (5th Cir. 2003) (conducting an alter ego analysis)(citing *NLRB v. Dane County Dairy*, 795 F.2d 1313, 1322 (7th Cir. 1986); *Goodman Piping*

Yet Johnson fails to present any evidence that Crown actually made any of Dixie's labor decisions, including decisions regarding the renewal of the driver contracts. The district court concluded that, because this factor was the most important, Crown was entitled to summary judgment despite the existence of some other evidence suggesting that the two might be a single enterprise. We agree. In this case, the other evidence cannot override Crown's lack of involvement with Dixie's personnel decisions. Because Johnson has not presented evidence to establish a fact question concerning whether Dixie and Crown form a single enterprise, summary judgment on this point was appropriate.

**Appellees' Other Arguments**

Appellees also raise other issues, all of which can be quickly resolved. First, they argue that Johnson's amended complaint was never served in compliance with Federal Rule of Civil Procedure 4. However, Rule 4 does not apply because Federal Rule of Civil Procedure 5, not Rule 4, governs service of "every pleading subsequent to the original complaint." Rule 5(b) provides for service by delivery, mail, leaving a copy with the clerk (if no address is available), or by any other means agreed to in writing by the party being served. What is served in this

---

*Products, Inc. v. NLRB*, 741 F.2d 10, 11-12 (2d Cir. 1984); *J.M. Tanaka Constr., Inc. v. NLRB*, 675 F.2d 1029, 1035 (9th Cir. 1982).

10

case is the pleading, motion, or other paper, not a summons.  *See* FED. R. CIV. P. 5(a).

Appellees also argue that the magistrate judge should not have granted Johnson's request to file an amended complaint because it was untimely.  Appellees have not advanced any specific argument for why the decision to permit Johnson to amend his pleading was an abuse of discretion.[6]  We see nothing to suggest that it was.

Finally, Appellees argue that Johnson's § 1981 claim is barred by laches.  "To establish that a cause of action is barred by laches, 'the defendant must show (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant.'"  *Goodman v. Lee*, 78 F.3d 1007, 1014 (5th Cir. 1996) (quoting *Geyen v. Marsh*, 775 F.2d 1303, 1310 (5th Cir. 1985)).  Here, Appellees fail to present any caselaw or detailed argument in support of this contention.  All that they argue is that Johnson waited too long. This argument does not satisfy their burden.

**Conclusion**

The judgment dismissing the U.S.C. § 1981 claim against Crown Enterprises, Inc. is reversed.  The judgment is otherwise

---

[6]"[T]he decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).

affirmed.  The case is remanded for resolution of the claim against Crown Enterprises.

AFFIMRED in Part and REVERSED in Part, and REMANDED.