IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-20477
Summary Calendar

LINDA O. GORDON

Plaintiff-Appellant

V.

MARY E. PETERS, SECRETARY, DEPARTMENT OF TRANSPORTATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3689

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Linda Gordon, a Federal Aviation Administration (FAA) employee, appeals the adverse summary judgment against her sex-discrimination claim against the Secretary of Transportation, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

On 23 October 2003, Gordon, a FAA employee since 1982, applied for an Operations Supervisor (OS) position in the Air Route Traffic Control Center in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Houston, Texas. The next day, she applied for an Operations Manager (OM) position in the same center. Both positions were considered promotions; the OM position was the higher promotion. Having applied for two positions, Gordon was considered for both; she was promoted to the OS position.

Although she had been promoted, Gordon filed an Equal Employment Opportunity Complaint, claiming sex discrimination because she was not promoted to the OM position. An Administrative Law Judge (ALJ) held a hearing, finding Gordon established a prima facie case. The ALJ found, however, that Gordon had not shown the Agency's proferred legitimate nondiscriminatory reasons for not offering her the OM position were pretextual.

Gordon filed this action in November 2005. In April 2007, the court granted summary judgment to the FAA on the following bases: (1) Gordon had failed to exhaust her disparate-impact claim; (2) she did not suffer an adverse employment action when she was not promoted to the OM position; and (3) Gordon did not meet her burden of demonstrating the FAA's reasons for not selecting her for that position were pretextual.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007) (citation omitted). "In other words, we ask whether the movant has shown the nonexistence of any genuine issues of material fact and that he is entitled to judgment as a matter of law." Johnson v. Crown Enters., Inc., 398 F.3d 339, 341 (5th Cir. 2005) (citing FED. R. CIV. P. 56(c)). Similarly, we review de novo a district court's ruling on whether the exhaustion requirement is satisfied. Pacheco v. Mineta, 448 F.3d 783, 787 (5th Cir. 2006) (citations omitted). Essentially for the reasons stated in the district court's comprehensive and detailed opinion, summary judgment was proper.

Regarding the disparate-impact claim, the district court ruled Gordon had not exhausted her administrative remedies because her administrative

complaint raised only disparate treatment. Needless to say, disparate impact and disparate treatment are two distinct claims under Title VII. Pacheco, 448 F.3d at 787 (5th Cir. 2006) (citing Int'l Bhd. of Teamsters v. United States, 432 U.S. 324 (1977)). As explained in Pacheco:

> Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required. Disparate-impact discrimination, on the other hand, addresses employment practices or policies that are facially neutral in their treatment of these protected groups, but, in fact, have a disproportionately adverse effect on such a protected group. In disparate-impact cases, proof or finding of discriminatory motive is not required.

Id. (internal citations omitted). Gordon's administrative complaint raised only disparate treatment; that is, how she was treated vis-à-vis the other applicants outside her protected class (i.e., men). She alleged no facially neutral policy employed by the FAA that has a disproportionately adverse impact on women as required to sustain a disparate-impact claim. See id. at 792. Therefore, as in Pacheco, "we hold that a disparate-impact investigation could not reasonably have been expected to grow out of [Gordon's] administrative charge". Id. at 793.

Concerning Gordon's disparate-treatment claim, Gordon applied for two positions and was promoted to one of them, having never expressed her preference for either position. Accordingly, the district court concluded that Gordon did not suffer an adverse employment action. In the alternative, it held Gordon had not created a material fact issue on pretext or mixed motives.

A failure to promote is an adverse employment action under Title VII; the prima facie case requires the plaintiff to demonstrate:

> (1) [s]he is a member of a protected class; (2) [s]he applied for and was qualified for a promotion, (3) [s]he was considered for and denied the promotion; and (4) other employees of similar

qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied.

Nguyen v. City of Cleveland, 229 F.3d 559, 562-63 (6th Cir. 2000) (citation omitted); see also Alvarado v. Texas Rangers, 492 F.3d 605, 612 (5th Cir. 2007) (citation omitted). Under these elements, it is at least arguable Gordon may have suffered an adverse employment action through the FAA's not promoting her to the OM position, regardless of her contemporaneous promotion to OS.

We need not reach this issue, however, because Gordon did not show a genuine issue of material fact on whether the FAA's proffered legitimate business reason for not promoting her to OM was pretextual. The FAA proceeded under an established selection process stated in the Air Traffic Career Progression Plan, which is discussed in detail in the district court's opinion. Based on this process, it was determined that Gordon was not the most qualified applicant, despite her extensive experience. Among other things, other candidates had more experience analogous to that required of an OM, Gordon scored comparatively low on a questionnaire administered to all applicants, and the promotion committee, made up of supervisors, gave Gordon only a "slightly recommend" rating. Having proffered a non-discriminatory reason for not promoting Gordon to OM, the burden shifted to her to show a material fact issue on whether either: (1) this reason was pretext, or (2) regardless of the nondiscriminatory reason, her sex was also a motivating factor. Alvarado, 492 F.3d at 611 (citation omitted). She did not do so. Gordon presented no evidence of pretext or mixed motive; rather, she merely alleged discriminatory animus could be inferred from the fact that no women were hired for the OM positions.

AFFIRMED.