IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60629

CARLOS R DAVIS

Plaintiff - Appellant

V.

ALTACARE CORPORATION; HEALTHPRIME INC; ADVENTIST HEALTH
CENTER

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg
No. 2:05-CV-2027

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Carlos R. Davis, a/k/a Shaun Davis, appeals the district court's summary judgment for defendants-appellees AltaCare Corp., HealthPrime, Inc., and Adventist Health Center, dismissing his claims for discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981, as well as his state law claims for defamation and intentional inflection of emotional distress. Davis also appeals the district court's judgment insofar as it dismissed as moot his motions to strike portions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the defendants' summary judgment evidence. We affirm the judgment of the district court essentially for the reasons stated in its Memorandum Opinion and Order.

We have one modest qualification, which does not affect our judgment. We note that there is some evidence that AltaCare Corp. ("AltaCare") and HealthPrime, Inc. ("HealthPrime")—in addition to Adventist Health Center ("Adventist")—were Davis's employers for the purpose of his federal claims.[1] Specifically, there is evidence in the record that Annice Horton, AltaCare's Executive Director of Operations, signed Davis's "Separation of Employment" form, formally terminating him. There is also evidence in the record that Horton verbally terminated Davis in an exit interview on November 5, 2004. By

---

[1] In  Trevino v. Celanese Corp., we explained that:

> The term "employer" as used in Title VII of the Civil Rights Act was meant to be liberally construed. . . . Thus the rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.
> Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations. This criterion has been further refined to the point that "[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?"

701 F.2d 397, 403–04 (5th Cir. 1983) (internal citations omitted); see also Johnson v. Crown Enters., Inc., 398 F.3d 339, 343 (5th Cir. 2005).

contrast, the only evidence that Davis's direct supervisor at Adventist, Sandra King, terminated him is a sworn statement to that effect in the affidavit of AltaCare's Director of Human Resources, Brenda Brawner. With respect to HealthPrime, there is evidence that: (1) HealthPrime was owned by AltaCare; (2) Adventist used HealthPrime's letterhead; and (3) HealthPrime issued Adventist's employee code of conduct.

Nevertheless, we need not resolve this issue. Because we conclude that the district court's resolution of the merits of all of Davis's claims was correct, any potential liability of AltaCare and HealthPrime is extinguished along with that of Adventist.

With respect to Davis's late-filed motions (denied by the district court as moot) to strike portions of defendants' summary judgment evidence, only the statements attached to Horton's affidavit concerning Davis's actions and inactions on the night of July 14, 2004, could possibly affect Davis's substantial rights. See Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991). We first note that these statements were used for the non-hearsay purpose of showing the defendants' state of mind in terminating Davis. But even if the district court had considered the statements for the truth of the matter asserted in them, it would not have abused its discretion because the business records exception in Rule 803(6) would apply. FED. R. EVID. 803(6); see Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 376 (5th Cir. 2004); United States v. Duncan, 919 F.2d 981, 986–87 (5th Cir. 1990); Missouri Pac. R.R. Co. v. Austin, 292 F.2d 415, 422–23 (5th Cir. 1961); see also Sana v. Hawaiian Cruises, Ltd., 181 F.3d 1041, 1047 (9th Cir. 1999).

With respect to the affidavit of defense expert Polly Darnall, there is no indication in the district court's Memorandum Opinion and Order that the court relied on it.

Accordingly, we AFFIRM the judgment of the district court.