FILED

APR 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBIO IZAGUIRRE,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>GREENWOOD MOTOR LINES, INC., an Ohio corporation, DBA R & L Carriers and JOHN & JANE DOES I-X, whose true identitites are presently unknown,<br><br>    Defendants - Appellees. | No. 11-35972<br><br>D.C. No. 1:10-cv-00581-WBS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
William B. Shubb, Senior District Judge, Presiding

Submitted April 12, 2013[**]
Seattle, Washington

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT, District Judge.[***]

Plaintiff-Appellant Rubio Izaguirre appeals the district court's decision granting summary judgment in favor of Defendant-Appellee Greenwood Motor Lines, Inc. ("Greenwood") on his employment discrimination claims. The district court found that Izaguirre had sued the wrong entity because he was actually employed by R&L Carriers Shared Services, LLC ("Shared Services"). It denied his requests to modify the scheduling order and for leave to amend his complaint. It then granted Greenwood's motion for summary judgment because Izaguirre could not establish that Greenwood and Shared Services should be treated as the same entity.

We review the district court's denial of requests for leave to amend and to modify the scheduling order for abuse of discretion and review the court's decision to grant summary judgment de novo. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011), *cert. denied sub nom. C.F. v.*

---

[***] The Honorable J. Michael Seabright, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

2

*Corbett*, 132 S. Ct. 1566 (2012).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

I

Izaguirre argues that the district court abused its discretion by denying his motions to amend his complaint and modify the scheduling order.  Because he did not move to amend his complaint until after the deadline established in the scheduling order for amending pleadings expired, he was required to demonstrate "good cause" pursuant to Federal Rule of Civil Procedure 16.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  The good cause inquiry turns primarily on the moving party's diligence.  *Id.* at 609.

The district court concluded that Izaguirre "should have known the identity of his employer without conducting discovery" because he was paid by Shared Services, filed administrative charges against Shared Services, and filed a workers compensation claim against Shared Services.  Indeed, in the administrative proceeding, Shared Services admitted that it employed Izaguirre.  In contrast, in its answer, amended answer, and discovery responses, Greenwood repeatedly denied

---

[1] As the parties are familiar with the facts of the case, we repeat only those facts necessary to explain our decision.

that it was Izaguirre's employer.  On the present record, we cannot conclude that the district court abused its discretion.

II

Izaguirre also contends that the district court erred in granting summary judgment because Greenwood and Shared Services should be treated as a single entity-employer under the test articulated in *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213 (9th Cir. 1989).  Even if the *Morgan* test applies in this context, *but see Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 928-29 (9th Cir. 2003), we conclude that Izaguirre cannot satisfy it.  Although there was some evidence of common management and ownership, any such dispute is not material because there was little evidence of interrelated operations and no evidence of centralized control of labor relations.  *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002) (indicating that centralized control of labor relations is the "most critical" factor).  Significantly, there was no evidence that Greenwood played any role in employment decisions at issue.  *See Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 343 (5th Cir. 2005).  Accordingly, viewing the evidence in the light most favorable to Izaguirre, we conclude that the district court did not err in granting Greenwood's motion for summary judgment.

**AFFIRMED.**

4