# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30825

JEFFERY A. BROUSSARD,

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

IKE BROWN; SAMUEL LACY; SERGEANT HOLMES; BILL HARRISON; SERGEANT SMITH; HENRY BATES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CV-720

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Jeffery A. Broussard, Louisiana prisoner # 613311, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 action as frivolous because it was time barred. Broussard filed the complaint raising a claim of excessive force and deliberate indifference to serious medical needs. Broussard does not dispute the district court's finding that he failed to file his § 1983 action within

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30825

the required one-year prescriptive period. *See Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). Rather, he contends that he is entitled to tolling of the prescriptive period under the Louisiana doctrines of *contra non valentem* and continuing tort.

In denying leave to appeal IFP, a district court may "incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation," which is the procedure used in this case. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). By moving to proceed IFP, Broussard is challenging the district court's certification that his appeal is not taken in good faith. *See id.* at 202. Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

State tolling law is applicable in a § 1983 action if it is not inconsistent with federal law or policy. *Hardin v. Straub*, 490 U.S. 536, 542 (1989). Louisiana law allows for suspension of prescription under the doctrine of *contra non valentem*. *Corsey v. Louisiana*, 375 So. 2d 1319, 1321-22 (La. 1979) The doctrine is applicable in several situations, with the most relevant to the instant case being, "when the defendant prevents the plaintiff from bringing suit." *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). "The continuing-tort doctrine is one of accrual and thus a question of federal, rather than state, law." *Nottingham v. Richardson*, 499 F. App'x 368, 375 & n.5 (5th Cir. 2012). A continuing-tort claim does not accrue until the tort has ceased. *Id.*

Broussard raises a nonfrivolous issue with respect to his argument that he was prevented by the defendants from timely filing his § 1983 action while he was in custody at the Morehouse Parish Detention Center (MPDC) due to the fear of retaliation and the denial of access to the courts. *Cf. Harris,* 198

2

No. 14-30825

F.3d at 158-59.  The district court did not address Broussard's arguments for tolling under Louisiana law, but rather analyzed his claims using federal equitable tolling principles.  If Broussard is entitled to tolling under the Louisiana doctrine of *contra non valentem* until his release from MPDC custody on September 23, 2013, then his § 1983 complaint filed in March 2014 would be deemed timely filed within the Louisiana prescriptive period.  *See Johnson*, 398 F.3d at 341.  Further, the district court did not consider Broussard's continuing tort argument, which could also render his denial of medical care claim timely.  *See, e.g., Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980).

Because Broussard has identified a nonfrivolous issue for appeal and is financially eligible to proceed IFP on appeal, we grant his motion for IFP status.  *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220.  The district court's decision dismissing Broussard's § 1983 complaint as time barred is vacated and the case is remanded for further proceedings.  We express no view regarding the disposition of Broussard's arguments concerning the timeliness of his § 1983 action under the correct legal standards on remand.

IFP MOTION GRANTED; VACATED AND REMANDED FOR FURTHER PROCEEDINGS.