United States Court of Appeals
 United States Court of Appeals
 Fifth Circuit
 FILED
 November 19, 2021
 
 Lyle W. Cayce
 Clerk
for the Fifth Circuit 
 
 No. 21-10220
 
 
Andrea Cody; Brittany Burk; Dana Whitfield, individually and on behalf of all others similarly situated, 

 Plaintiffs -- Appellants,

 versus

Allstate Fire and Casualty Insurance Company, 

 Defendant -- Appellee.

Appeal from the United States District Court 
for the Northern District of Texas
 No. 3:19-CV-1935

Before Higginbotham, Smith, and Ho, Circuit Judges.
Per Curiam:*
On behalf of a class, Andrea Cody, Brittany Burk, and Dana Whitfield ("Plaintiffs") allege that Allstate Fire and Casualty Insurance Company ("Allstate") breached the terms of their insurance policies by not using either the "Cost Approach" or "Comparable Sales Approach" to determine the "Actual Cash Value" ("ACV") of their automobiles. The district court held that, because neither the contract nor Texas state law requires either approach, Plaintiffs failed to state a claim. Accordingly, the district court granted Allstate's Rule 12(b)(6) motion to dismiss. We affirm.
 I. Background
 Plaintiffs are Allstate customers who purchased either a Texas Personal Auto Policy or a Renewal Texas Personal Auto Policy from Allstate. Both policies limit recovery for loss of a covered automobile to its "[a]ctual cash value . . . at the time of loss." 
 According to the Second Amended Complaint, in calculating ACV, Allstate determines base value by choosing three to ten comparable vehicles from those listed for sale in Texas. This base value is then adjusted for mileage, condition, or options-based adjustments. Allstate's method differs from the two promoted by Plaintiffs -- the Comparable Sales Approach and Cost Approach -- only as to the initial base value calculation. 
 Unlike Allstate's method, the Comparable Sales Approach calculates the base value by looking at actual sales data rather than offers. It also specifically requires that the sales data be from the same county and month in which a total-loss accident occurs. 
 The Cost Approach calculates ACV by subtracting depreciation from the replacement cost, which mandates consideration of sales taxes and mandatory fees involved in replacing a vehicle. Mandatory fees include title fees, registration fees, safety inspection costs, and emissions inspection fees. Allstate only sometimes pays sales tax and title fees.

 II. Standard of Review
Dismissals for failure to state a claim are reviewed de novo. Magee v. Reed, 912 F.3d 820, 822 (5th Cir. 2019). Similarly, the district court's interpretation of an insurance policy is a question of law that we review de novo. Lubbock Cty. Hosp. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 143 F.3d 239, 241 - 42 (5th Cir. 1998).
 III. Discussion
 A.
Plaintiffs' Cost Approach calculates ACV by subtracting depreciation from replacement cost, which includes taxes and mandatory fees. In Singleton v. Elephant Insurance Co., 953 F.3d 334 (5th Cir. 2020), this court answered the question of whether insurance companies need to pay for taxes and mandatory fees under the auspices of ACV. We said they do not, specifically holding that taxes and fees are plainly excluded and finding a lack of precedent under Texas law requiring the use of "replacement cost less depreciation." Id. at 338 n.4. Plaintiffs concede that if Singleton applies to this case, the district court was correct in dismissing their claim that the Cost Approach applies. 
Plaintiffs are unable to persuasively distinguish this case from Singleton and spent no time in oral argument defending the applicability of the Cost Approach. In their briefing, Plaintiffs claim that the Texas Department of Insurance Automobile Insurance Guide defines ACV as replacement cost minus depreciation. Nothing indicates that this online source is authoritative. Moreover, extrinsic evidence cannot be considered when the contract is unambiguous. See id. at 339; Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995). Singleton applies here, and this claim was properly dismissed. 
 B.
 Plaintiffs' Comparable Sales Approach would require Allstate to look at actual sales of the covered vehicle from the same county and month as the accident. In a very thorough opinion, the district court notes that there is no legal authority -- statute, code, or case law -- that requires this approach. The district court correctly noted that Texas law requires courts to "give the policy's words their plain meaning, without inserting additional provisions into the contract," Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20, 23 (Tex. 2008) (cleaned up), and that mandating the Comparable Sales Approach "would certainly insert an additional requirement into the Policy." 
 We agree that there is no Texas state authority mandating the Comparable Sales Approach. Plaintiffs counter by arguing that their complaint involves a question of fact. But it is clear from the Second Amended Complaint that Plaintiffs advance a specific legal question: whether the Comparable Sales Approach is required as a matter of Texas law. This is not an issue of fact. Because no authority mandates the use of the Comparable Sales Approach, Allstate is not in breach for using a different methodology.
 C.
Plaintiffs have two more claims in their Second Amended Complaint. One is for declaratory judgment and the other is for a violation of the Prompt Payment Act. Both claims depend on either the Cost or the Comparable Sales Approach being required, and thus were also correctly dismissed by the district court.
 * * *
The plaintiff is "the master of her complaint." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995). Plaintiffs chose to plead claims that rely on the incorrect legal conclusion that Allstate is mandated by Texas law to use either the Comparable Sales Approach or the Cost Approach. The district court was correct in dismissing Plaintiffs' complaint. We affirm.