# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2022

Lyle W. Cayce
Clerk

No. 21-20451

John E. Hall,

*Plaintiff—Appellant*,

*versus*

City of Houston; Art Acevedo, *Houston Police Chief*; Kristie L. Lewis, *Police Attorney*; Chairman Anthony Hall, *Former City Attorney*; May Walker, *Former Police Officer*; Lee P. Brown, *Former Mayor*; Michael Dirden, *Former Executive Chief*; Gayland Malveaux; C. O. Bradford, *Former Police Chief*; J. Dotson, *Former Assistant Chief*; Renita Ferguson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
4:20-CV-3740

Before Richman, *Chief Judge*, and Wiener and Willett, *Circuit Judges*.

No. 21-20451

Per Curiam:*

Pro Se Plaintiff-Appellant, a former police officer, John E. Hall contends that this case arises from "a code of silence conspiracy that gives privilege to law enforcement." He further explains that the case is "about defendants who were indifferen[t] to 4 million dollars of taxpayer[] money being stolen in bogus overtime slips in 1994, the rights of a citizen to obtain police department records to clear his reputation based on a domestic violence entrapment case, and the illegal use of police resources in violation of equal protection laws." The district court granted several 12(b)(6) motions to dismiss, culminating in a final dismissal for want of prosecution of the remaining claims. Finding no error in the district court's orders to dismiss the case, we AFFIRM.

## I. Standard of Review

We review a district court's grant of a motion to dismiss de novo.[1] The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal.[2] "[T]his court accepts all 'well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[3]

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] *Ferrer & Poirot, GP v. Cincinnati Ins. Co.*, 36 F.4th 656, 658 (5th Cir. 2022) (per curiam).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).

No. 21-20451

We construe the claims of a pro se litigant liberally, but "a pro se litigant 'must still brief the issues and reasonably comply with' Rule 28 of the Federal Rules of Appellate Procedure."[4] "[I]f a pro se plaintiff fails to argue claims in the body of his brief, those claims are considered abandoned."[5]

## II. Waiver

Hall failed to mention Defendants-Appellees Art Acevedo, Kristie L. Lewis, Anthony Hall, May Walker, Lee P. Brown, C.O. Bradford, or J. Dotsen in his appellate brief. Hall has therefore waived any objection to their dismissals. Hall also makes a litany of evidentiary objections but does not provide record citations to explain which stricken exhibits he is referencing. We cannot grant relief on the claims he raises without proper briefing.

## III. Recusal

Hall contends that the district court judge erred when he did not recuse himself under 28 U.S.C. § 455(a). Hall claims that the judge became "complicit[] in fraud, misrepresentation, improper procedures, and misconduct."

The trial court explained that Hall believed "that the court did not sufficiently question the City of Houston's attorney but 'interviewed' him for the City of Houston." The court rejected this contention, explaining that Hall "is confused about the burden of proof in civil cases. Hall — not the City of Houston — must prove his case by a preponderance of the evidence. The court questioned Hall to understand the facts and allegations, not

---

[4] *Fosu v. Garland*, 36 F.4th 634, 639 (5th Cir. 2022) (per curiam) (quoting *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011)).

[5] *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)).

because it is biased against him. Over more than an hour, Hall was allowed to explain his facts on his theories to an attentive court."

Any "judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6] A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[7] We consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[8] "The objective standard relies on the 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'"[9] We review a judge's refusal to recuse himself for abuse of discretion.[10]

Hall contends that the district court judge made an improper comment during a hearing.[11] The comment might have been unwise, but it did not rise to the level of animus that would mandate a recusal. The Supreme Court has explained that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[12] The passing remark at issue was a statement "of impatience, dissatisfaction, annoyance,

---

[6] 28 U.S.C. § 455(a).

[7] *Id.* § 455(b) & b(1).

[8] *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021) (per curiam) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)).

[9] *Id*. at 302-03 (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)).

[10] *Id*. at 301.

[11] The judge told Hall: "You have to quit smoking those cigars." Hall understood the judge's comment to be a reference to marijuana.

[12] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[13]

Hall alleges that the district court judge "negotiated with some defendants/witnesses Dirden and Nuchia which indicated that he ma[y] have personal knowledge as a witness in this case." Hall also claimed that the judge knew "Nuchia in law school and District Attorney Holmes." Hall provides no evidence that even if the district court judge knew these individuals, such a relationship provided a basis for his recusal.

The remainder of Hall's complaints against the judge were based on decisions the judge made in the course of presiding over the case. For example, Hall contends that the judge's decisions relating to evidentiary disputes showed the judge's "predisposition . . . to deny Hall any opportunity to have discovery in this lawsuit." "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[14] Hall's complaints "do not demonstrate bias and impartiality that are personal—as distinguished from judicial—in nature."[15] The judge's recusal was not required.

## IV. Judicial Notice

Hall contends that the district court erred "by not taking judicial notice that a code of silence operates within the Houston Police Department

---

[13] *Id.* at 555-56.

[14] *Id.* at 555.

[15] *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

where police misconduct is not investigated and those officers who violated the code are retaliated against." Federal Rule of Evidence 201 allows a court to take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "[J]udicial notice applies to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities."[16] Hall's vague request for the court to take judicial notice of a conspiracy "is closely joined to an obviously, and legitimately, controverted issue."[17] The district court correctly declined to take judicial notice of such a conspiracy.

## V. Leave to Amend

Hall also contends that the district court erred by striking Hall's third amended complaint for "failure to request leave to amend." Hall avers that his third amended complaint explains how the defendants were personally involved in the conspiracy. He cites to Federal Rule of Civil Procedure 15(a)(1)(B) for the proposition that he should be allowed to amend his pleading because the Defendants-Appellees had not yet filed a responsive pleading. The rule states that "A party may amend its pleading *once* as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[18]

Hall filed his original complaint on November 2, 2020. He filed his first amended complaint on November 6, 2020, four days later. Hall cannot

---

[16] *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347 (5th Cir. 1982).

[17] *Wooden v. Mo. Pac. R.R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989).

[18] (emphasis added).

rely on Rule 15 to support his amendment automatically because he had already amended his complaint "once as a matter of course."

Hall further contends that the amendment was necessary because Mayor Sylvester Turner was a required party under Rule 19 of the Federal Rules of Civil Procedure since Turner had acquired constructive knowledge of the alleged conspiracy. The district court dismissed Hall's claims against Turner because "[n]o evidence indicates that Turner did anything other than serve as Houston's mayor over 20 years after the actions of which Hall complains." Hall has not shown that Turner was an indispensable party. The district court did not abuse its discretion by denying leave to amend.[19]

## VI. Defendant-Appellee Malveaux

The district court dismissed Hall's claims against Gayland Malveaux for want of prosecution. The court had previously ordered Hall "to appear in court for a hearing on default judgment to articulate his claims against Malveaux with facts and evidence to support those claims." The court dismissed the claims against Malveaux when Hall failed to show up to present his claims. Hall does not claim that he did appear to present his case. His objection on appeal that Malveaux should have been subpoenaed as a material witness is without merit because she was dismissed from the case for want of prosecution.

## VII. Wiretap and Pen Registers

Hall alleges that illegal wiretaps and pen registers were placed to provide surveillance on him by the internal affairs department of the Houston Police Department. He was going through a divorce with Malveaux at that time and contends that fellow Defendant-Appellee Renita Ferguson "began

---

[19] *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002).

coaching [Malveaux] on domestic violence scenarios in order to disqualify Hall." As a result, a complaint was placed in Hall's internal affairs file without his notice "for over 25 years." He contends "that the internal affairs division used illegal wiretap and pen register investigative equipment to assist Malveaux in the divorce proceedings because she was politically connected." After further investigation, Hall explained that a "May 31, 2018 open records correspondence [reveals that] the police department targeted Hall for a criminal investigation using pen registers and wiretaps." Hall is still unsure about the accuracy of this information. "Despite exercising due diligence, Hall could not determine the accuracy of the information or the identity of the complainant."

Hall is frustrated because the district court judge refused "to make the City Attorney and the internal affairs division produce any court orders signed by Judges." He explains that "[c]ourt orders are public records; therefore, the absence of the court orders meant that the use of the pen registers and wiretaps were illegally conducted." He concludes that the absence of court orders indicates fraud and that fraud tolls the statute of limitations.

The district court is correct that a two-year statute of limitations bars Hall's claims. Hall brings this claim under 42 U.S.C. §§ 1981, 1983, 1985 and the Interception of Wire and Electronic Communications Act, 18 U.S.C. § 2520. "Section 1981 does not contain a limitations period [so] courts have traditionally applied the relevant state personal injury limitations period."[20] Under Texas law, "the two-year statute of limitations for personal injury actions in Texas controls."[21] The same is true for Section 1983 and 1985

---

[20] *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005).

[21] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003).

claims.[22] The Interception of Wire and Electronics Communications Act also has a two-year statute of limitations.[23]

Federal law controls when the clock starts to run:

> Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint. Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.[24]

Even if we put Hall in the best light (as we must at the motion-to-dismiss stage) and start the clock at the discovery of the May 31, 2018 open records correspondence, his suit is still untimely. He filed it on November 2, 2020 — five months after the two-year period had run. Hall's allegations of fraud were repeatedly raised in the district court. The court explained that it "has repeatedly told [Hall] his fraud on the court claim is baseless." Hall does not question that conclusion on appeal so fraud is not a valid basis to toll the statute of limitations which had already run in this case.

## VIII. Jury Trial

Hall further contends that he was denied his right to a jury trial. As the district court explained, however, Hall "does not have a right to a jury trial in a default judgment hearing." "Dismissal of [] claims pursuant to a

---

[22] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987).

[23] 18 U.S.C. § 2520(e).

[24] *Helton*, 832 F.2d at 334-35.

valid 12(b)(6) motion does not violate [Hall's] right to a jury trial under the Seventh Amendment."[25]

## IX. In-Camera Review

Hall finally objects to the district court's in-camera review of documents produced by the City of Houston. The court explained that it "has reviewed the documents from the City, and they do not support [Hall's] claims. He is not entitled to these confidential documents, and this court will not give them to him." Hall cites inapplicable criminal law and out-of-circuit precedents that cannot provide a basis for his claim. "It is settled that in camera proceedings are an appropriate means to resolve disputed issues of privilege."[26] Hall has thus not demonstrated that this evidentiary decision constituted error.

## X. Conclusion

Hall has not presented any valid reason to disturb the district court's judgment, so we AFFIRM.

---

[25] *Hasse v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014).

[26] *In re Eisenberg*, 654 F.2d 1107, 1112 n.7 (5th Cir. Unit B Nov. 1981).