# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2022

Lyle W. Cayce
Clerk

No. 21-30776
Summary Calendar

Dickie Brennan and Company, L.L.C.; Cousins Restaurants, Incorporated; 716 Iberville, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Zurich American Insurance Company; American Guarantee; Liability Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-434

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Dickie Brennan, owns and operates several full-service, dine-in restaurants in New Orleans, Louisiana. Dickie Brennan sued Defendant-Appellee, American Guarantee & Liability Insurance Company

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30776

("AGLIC"), to recover economic losses stemming from the closure of its restaurants during the COVID-19 pandemic. The district court dismissed Dickie Brennan's claims, and we AFFIRM.

## I.

Dickie Brennan purchased an insurance policy from AGLIC to cover its restaurants. The policy was in effect from March 1, 2020, through March 1, 2021, and provided coverage against "direct physical loss or damage" caused by a "Covered Cause of Loss to Covered Property." The policy defined "Covered Cause of Loss" as "[a]ll risks of direct physical loss of or damage from any cause unless excluded" or otherwise limited.

The policy also covered losses due to suspended business activities in a couple of circumstances: (1) if those losses were "due to direct physical loss of or damage" to covered property (the "Extra Expense" and "Time Element" provisions) and (2) if the suspended business activities were caused by an "order of civil or military authority that prohibited access to" the covered property and the order "result[ed] from a civil authority's response to direct physical loss or damage" to nearby property (the "Civil Authority" provision).

In March 2020, the Governor of Louisiana and the Mayor of New Orleans issued orders requiring closure of certain businesses to prevent the spread of the COVID-19 virus. Dickie Brennan closed its restaurants after an employee tested positive and in response to the government orders. After suffering business income losses, Dickie Brennan sought coverage under the policy, but AGLIC declined, asserting that COVID-19 did not cause "direct physical loss of or damage to" Dickie Brennan's restaurants.

Dickie Brennan sued AGLIC in federal court in the Eastern District of Louisiana. It sought a declaratory judgment that COVID-19 was a "Covered Cause of Loss" under the policy and that COVID-19 caused

No. 21-30776

"direct physical loss and/or damage" to its restaurants, and therefore, its business income losses were covered by the policy. It also sought damages for breach of contract and breach of the duty of good faith and fair dealing. AGLIC filed a motion to dismiss, which the district court granted. This appeal timely followed.

## II.

We review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Singleton v. Elephant Ins. Co.*, 953 F.3d 334, 337 (5th Cir. 2020) (per curiam). We similarly review de novo a district court's interpretation of an insurance policy. *Id.*

Because this is a diversity action regarding the interpretation of insurance policies issued in Louisiana, Louisiana's substantive law controls. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). Under Louisiana law, an insurance policy is a "contract between the parties" and is therefore "construed by using the general rules of interpretation" that guide contract interpretation. *LeBlanc v. Aysenne*, 921 So. 2d 85, 89 (La. 2006). In interpreting the relevant policy, the court must: (1) determine the parties' common intent by examining the words of the insurance contract itself; (2) give plain meaning to the policy's words and phrases; and (3) construe the policy as a whole by evaluating each provision in light of all other provisions. *See* La. Civ. Code. Ann. arts. 2045–47, 2050; *Hill v. Shelter Mut. Ins. Co.*, 935 So. 2d 691, 694 (La. 2006).

"When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent." *Gorman v. City of Opelousas*, 148 So. 3d 888, 892 (La. 2014) (quotation omitted); La. Civ. Code Ann. art. 2046. Conversely, if a true ambiguity

exists, courts construe the policy in favor of the insured. *See Bonin v. Westport Ins. Corp.*, 930 So. 2d 906, 911 (La. 2006). A policy provision is ambiguous if it "is susceptible to two or more reasonable interpretations." *Id.* (citing *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003)).

## III.

Guided by this framework, we now turn to the merits. The district court concluded that there was no covered cause of loss because there was no underlying physical loss or damage to Dickie Brennan's restaurants. We agree. Although the Louisiana Supreme Court has not yet opined on the question of whether COVID-19 causes "direct physical loss or damage," to property, we are bound by our analysis in *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*, 29 F.4th 252 (5th Cir. 2022). In that case, we evaluated near-identical policy language and interpreted it as requiring "tangible alterations of, injuries to, and deprivations of property." *Id.* at 257. We concluded that business closures and suspensions related to the COVID-19 pandemic did not trigger coverage under this policy language because COVID-19 did not cause a tangible alteration or deprivation of the property. *Id.* at 257–58; *cf. La. Bone & Joint Clinic, L.L.C. v. Transp. Ins. Co.*, No. 21-30300, 2022 WL 910345, at *2 (5th Cir. Mar. 29, 2022) (unpublished); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 458 (5th Cir. 2022) (applying Texas law); *Ferrer & Poirot, GP v. Cincinnati Ins. Co.*, 36 F.4th 656, 658 (5th Cir. 2022) (per curiam) (same).

So too, here. Dickie Brennan seeks coverage under the Time Element, Extra Expense, and Civil Authority provisions—yet each provision requires "physical loss or damage." Because COVID-19 did not cause a "tangible alteration to, injury to, or deprivation of" Dickie Brennan's restaurants, there was no coverage-triggering physical loss. *See Q Clothier*, 29 F.4th at 260. Dickie Brennan fails to establish any sufficient distinction

No. 21-30776

from *Q Clothier*; thus, we are bound by our prior precedent under the rule of orderliness. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).[1]

Dickie Brennan's alleged losses were not covered under the terms of the policy, so it therefore has failed to allege a plausible claim. We accordingly AFFIRM the district court's judgment dismissing Dickie Brennan's claims. We also DENY the motion to certify questions to the Louisiana Supreme Court.

---

[1] Dickie Brennan directs us to the Louisiana Fourth Circuit Court of Appeals' recent decision in *Cajun Conti LLC v. Certain Underwriters at Lloyd's*, No. 2021-CA-0343, 2022 WL 2154863 (La. Ct. App. June 15, 2022), holding that an insurance policy containing similar language was "ambiguous and capable of more than one reasonable interpretation." *Id.* at *1–2. We have utilized state intermediate appellate court decisions in making an *Erie* guess as to how the state supreme court would decide the issue. *Weatherly v. Pershing, L.L.C.*, 945 F.3d 915, 920 (5th Cir. 2019). But we are not bound by those intermediate decisions, only those from the Louisiana Supreme Court. *See Lozovyy v. Kurtz*, 813 F.3d 576, 580 (5th Cir. 2015); *Am. Int'l Specialty Lines Ins. Co.*, 352 F.3d at 261. Put another way, the issuance of an intermediate appellate court decision does not alter our duty to apply the rule of orderliness, so we must follow the sound reasoning of *Q Clothier*. *See* 29 F.4th at 257. Therefore, because the Louisiana Supreme Court has not rejected *Q Clothier*, we conclude that *Cajun Conti* does not alter our analysis.