# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50667

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2024

Lyle W. Cayce
Clerk

Christa Taylor,

*Plaintiff—Appellant*,

*versus*

Root Insurance Company,

*Defendant—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-1328

———————————————————————————

Before Southwick and Duncan, *Circuit Judges*, and Kernodle, *District Judge*.[*]

Leslie H. Southwick, *Circuit Judge*:

This appeal requires us to interpret an insurance policy. When the plaintiff's vehicle was damaged, her insurer paid her the vehicle's actual cash value in a total-loss settlement. The issue is whether her policy also required the insurer to pay her the equivalent of what the sales tax would be on the sale of an automobile at that price. The district court agreed with the insurer

———————————————————

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

No. 23-50667

that the policy did not require payment of an amount representing sales tax. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Christa Taylor purchased personal automobile insurance coverage from Root Insurance Company, and it issued her a policy. The policy contains two relevant provisions:

Limit of liability
> A. Our limit of liability for loss will be the lesser of the:
> 1. Actual cash value of the stolen or damaged property less the deductible; or
> 2. Amount necessary to repair or replace the property with other property of like kind and quality less the deductible.

. . . .

Payment of loss
> We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
> 1. You; or
> 2. The address shown in this policy.
> If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.
> If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property. We may settle any loss with you or the owner or lienholder of the property.

Taylor filed a claim after a hailstorm damaged her vehicle. Root determined the vehicle to be a total loss and elected to pay Taylor her vehicle's actual cash value ($22,750) in return for receiving its title. Although Root made the payment "in money," which the penultimate

2

sentence in our above quote of the policy stated would include the "applicable sales tax," no amount of sales tax was paid.

On behalf of herself and as representative of a class, Taylor filed a putative class action against Root asserting its failure to pay her sales tax in the amount of $1,421.88 was a breach of the policy. She set forth causes of action for breach of contract and violation of the Texas Prompt Payment of Claims Act ("TPPCA"). *See* Tex. Ins. Code §§ 542.051–.061.

Root moved to dismiss Taylor's claims under Federal Rule of Civil Procedure 12(b)(6). In a report and recommendation, the magistrate judge recommended the district court grant Root's motion and deny Taylor's request for leave to amend her complaint. The district court conducted a *de novo* review of the record, agreed with the magistrate judge, and dismissed the suit. Taylor timely appealed.

## DISCUSSION

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, viewing all facts in the light most favorable to the plaintiff. *Ferrer & Poirot, GP v. Cincinnati Ins.*, 36 F.4th 656, 658 (5th Cir. 2022). To survive the motion, "a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The district court's interpretation of an insurance policy is a question of law that we also review *de novo*." *Id.* at 658–59.

Where, as here, a federal court sits in diversity, it applies the forum state's choice of law rules. *Delta Seaboard Well Serv's, Inc. v. Am. Int'l Specialty Lines Ins.*, 602 F.3d 340, 343 (5th Cir. 2010). The Texas Insurance Code states that Texas law applies to insurance contracts payable to inhabitants of the state, which Taylor is. Tex. Ins. Code art. 21.42. The parties agree Texas law governs the policy's interpretation.

"In Texas, insurance policies are interpreted by the same principles as contract construction." *Ferrer & Poirot*, 36 F.4th at 659 (citation omitted). "We begin with the language of the policy because it is 'presume[d] parties intend what the words of their contract say.'" *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins.*, 22 F.4th 450, 454 (5th Cir. 2022) (alteration in original) (citation omitted). A policy is ambiguous when it "is subject to more than one reasonable interpretation." *Id.* at 455. "Where a policy's terms can be given definite or certain legal meanings, it is unambiguous. 'The paramount rule is that courts enforce unambiguous policies as written.'" *Ferrer & Poirot*, 36 F.4th at 659 (footnotes and citations omitted).

Taylor's primary challenge is to the dismissal of her breach of contract claim. A Texas breach of contract claim has four elements: "(1) a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 993 (5th Cir. 2019). The parties dispute the breach element.

Taylor contends Root breached the policy by failing to pay her an amount representing sales tax in addition to her vehicle's actual cash value. She highlights the policy's "Payment of loss" provision, which explains: "If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." The parties agree Root paid for Taylor's loss in money. Taylor maintains the amount of applicable sales tax is determined by this statutory language: "A tax is imposed on every retail sale of every motor vehicle sold in this state. . . . The tax rate is 6 ¼ percent of the total consideration." Tex. Tax Code § 152.021. Based on her vehicle's $22,750 actual cash value, claims entitlement to $1,421.88, or the 6.25 percent retail sales tax on the value of her vehicle. She agrees, though, that no tax in any amount is due to the State as a result of the payment to her.

The plain language of the policy requires Root to pay only the "*applicable* sales tax," and there is no sales tax applicable here. The Texas Tax Code imposes a 6.25 percent tax "on every retail sale" of a motor vehicle, *id.*, but a total-loss settlement "is not considered a sale" under Texas law, 34 Tex. Admin. Code § 3.62. Taylor identifies no other sales tax that could apply. Additionally, Root satisfied its obligation to pay Taylor the actual cash value of the vehicle. We so hold because, as Taylor concedes and as this court recently held, actual cash value, which is the equivalent of "fair market value[,] does not include the taxes and fees payable to purchase a replacement vehicle" under Texas law. *Singleton v. Elephant Ins.*, 953 F.3d 334, 336–37 (5th Cir. 2020).

In support of her view, Taylor identifies two federal district court decisions from other states addressing language nearly identical to the policy and concluding the provisions require the insurer to pay some amount of sales tax. *See Romaniak v. Esurance Prop. & Cas. Ins.*, No. 1:20-CV-02773, 2021 WL 4171040 (N.D. Ohio Sept. 14, 2021); *Rawlins v. Esurance Prop. & Cas. Ins.*, No. 4:21-CV-660 RLW, 2022 WL 225618 (E.D. Mo. Jan. 26, 2022). Both cases were decided within the framework of the laws of different states, and neither assists in discerning the amount of sales tax applicable under the policy nor provides guidance on how Texas law affects the inquiry. *See Romaniak*, 2021 WL 4171040, at *3 (construing Ohio law); *Rawlins*, 2022 WL 225618, at *3 (construing Missouri law).

Regarding Taylor's remaining contentions, she asserts Root violated the TPPCA because it did not pay her the claimed sales tax amount within the Act's requisite timeframe. As already discussed, there is no applicable sales tax, so Root did not violate the TPPCA by failing to pay money it does not owe. We agree with another panel of this court that a TPPCA violation exists only if the insurer is liable for a claim under a policy. *Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*, 602 F. App'x 981, 983 (5th Cir. 2015).

No. 23-50667

Also, Taylor provides no analysis or caselaw in support of her contention that the district court erred in rejecting her request for leave to amend her complaint. She, therefore, forfeits the contention by failing to provide adequate briefing. *See* FED. R. APP. P. 28(a)(8) (requiring appellant to include her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

AFFIRMED.