# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

No. 25-30134

Allan T. Parr, Jr.; Parr T, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Yachtinsure, Limited,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-438

_____

Before Dennis, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Allan Parr appeals the dismissal of his suit against Yachtinsure for failure to pay insurance proceeds for his damaged vessel. We AFFIRM.

I

Parr, a Louisiana resident, owns a vessel named the M/V AFTER PARR T through his company, Parr T LLC. The vessel is docked in Key West, Florida, and was insured through a policy with Appellee Yachtinsure.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30134

On July 3, 2023, Parr took the AFTER PARR T for a day voyage, but the vessel sprung a leak due to an unseated hose clamp. The resulting damage cost $1,237,184.81 to repair.

Yachtinsure denied Parr's claim for reimbursement. Among other reasons, Yachtinsure explained that the policy required the vessel to be captained by a "named operator." Parr concedes he was not a "named operator." So, both parties agree that applying the named-operator clause means the damages would not be covered.

Nonetheless, Parr sued Yachtinsure in the United States District Court for the Eastern District of Louisiana, alleging the named-operator clause was unenforceable. The policy's choice-of-law clause directs that any coverage disputes are to be resolved "according to the applicable law of the State of New York" if no "well-established, entrenched principles of the federal maritime law" apply. Parr claimed that New York law generally prohibits named-operator clauses in insurance contracts, making Yachtinsure liable for the damage. *See* N.Y. Ins. Law § 3420(e).

Importantly, this bar on named-operator clauses does not apply to "insurance in connection with ocean going vessels." *See* N.Y. Ins. Law §§ 3420(i), 2117(b)(3)(B); *see also Jefferson Ins. Co. of N.Y. v. Cassella*, 261 F. Supp. 2d 160, 164 (E.D.N.Y. 2003). Parr argued the AFTER PARR T was not oceangoing because the policy limited the vessel "to operating within 250 miles of the eastern and Gulf coasts of the United States and the Bahamas."

The district court disagreed. Granting Yachtinsure's motion to dismiss, the court ruled that the AFTER PARR T was "ocean going" under New York law, making the named-operator provision enforceable. The court reasoned that the policy's geographical limits determine whether a vessel is oceangoing. Those limits allowed the AFTER PARR T to travel from "Eastport Maine to Brownsville Texas and the Bahamas (excluding

Cuba) not exceeding 250 miles offshore"—in other words, on waters "within the North Atlantic Ocean." Accordingly, the court held that New York's prohibition on named-operator clauses did not apply, and that Yachtinsure was thus not liable for the vessel's damages.

Parr appeals.

## II

"We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, viewing all facts in the light most favorable to the plaintiff." *Taylor v. Root Ins. Co.*, 109 F.4th 806, 808 (5th Cir. 2024) (citation omitted). "The district court's interpretation of an insurance policy is a question of law that we also review *de novo*." *Ibid.*

## III

On appeal, Parr contends the district court erred in ruling that the AFTER PARR T is "ocean going" within the meaning of New York law. He argues that the policy's geographic limits actually show the vessel is "prohibited from oceangoing travel," being "instead limited to operating near the coast." He also urges that vessel is "a pleasure craft" and accordingly not "the type of vessel that is classified as oceangoing." We disagree.

As Parr himself acknowledges, oceangoing status for purposes of New York insurance law is determined by examining the geographical limits in the policy. *See, e.g.*, *Progressive Ne. Ins. Co. v. Am. Ins. Co.*, No. 99 Civ. 8998, 2001 WL 959183, at *4 (S.D.N.Y. Aug. 21, 2001) (considering "[t]he 'Policy Territory' . . . defined as 'land, tributaries, inland lakes, bays and rivers of the continental United States or Canada'" but excluding "coastal waters, oceans, seas or gulfs"). Here, the policy explicitly allows the AFTER

PARR T to travel up to 250 miles from the Atlantic Coast. We cannot fathom how that is not permission to go upon the "ocean."

Parr can point to no New York decision that supports his strained reading of the contract. To the contrary, New York courts have consistently deemed vessels "ocean going" where their insurance contracts expressly allowed some form of ocean travel, even if limited to a particular coastline. *See Ins. Co. of N. Am. v. Zaglool*, 526 F. Supp. 2d 361, 362–63 (E.D.N.Y. 2007) (vessel was "ocean going" where contract limited it to "Atlantic coastwise and inland tributary waters of the United States and Canada between St. John, New Brunswick and Morehead City, North Carolina"); *DeGeorge v. Ace Am. Ins. Co.*, No. 07 Civ. 2761, 2008 WL 180786 at *5 (S.D.N.Y. Jan. 17, 2008) (vessel with same limitation as in *Zaglool* was oceangoing); *N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 485 F. Supp. 3d 398, 404–05 (S.D.N.Y. 2020) (vessel was oceangoing because the policy term "coastal waters" encompasses parts of the ocean).

By contrast, vessels have been deemed *not* "ocean going" where policies cabined their range to inland waters. *See Progressive Ne.*, 2001 WL 959183 at *3–4, *1 (vessel limited to "land, tributaries, inland lakes, bays and rivers" was not oceangoing); *Hartford Fire Ins. Co. v. Mitlof*, 123 F. Supp. 2d 762, 767 (S.D.N.Y. 2000) (vessel limited to "Inland & Coastal Waters of Hudson River between Verrazano Narrows Bridge & Albany, Including East River & Western Long Island Sound" was not oceangoing). Measuring the AFTER PARR T's geographical limitations against these precedents yields one conclusion: the policy was "in connection with [an] ocean going vessel[]." N.Y. Ins. Law § 2117(b)(3)(B).

Parr points to *Royal Ins. Co. of America v. A & C Ship Fueling Corp.*, No. CV 91–3090, 1992 WL 219783, at *7 (E.D.N.Y. Mar. 21, 1992), but it does not help him. That case involved a tugboat whose insurance contract

did not appear to limit it to any particular waterways, and yet the court nonetheless found the vessel was not "oceangoing." *See id.* at *1–2, *8. *Royal Ins.* is distinguishable, however. Unlike the AFTER PARR T, it does not appear that the *Royal Ins.* tugboat ever entered the ocean. *See id.* at *7. Nor did the tugboat's policy expressly permit travel up to 250 miles from shore. Moreover, the *Royal Ins.* decision was later vacated. *See* 1995 A.M.C. 504, 505 (E.D.N.Y. Jul. 21, 1994).

Finally, Parr asks us to craft our own definition of "oceangoing" from general maritime law. We decline. As noted, the parties expressly chose to be governed by New York law, which has a well-developed jurisprudence on this question that points squarely in favor of Yachtinsure. Nor does Parr identify any entrenched maritime definition of "oceangoing" that would justify our overriding New York law.[1]

Accordingly, the district court correctly dismissed Parr's insurance claim as barred under the policy terms.[2]

IV

The district court's judgment is AFFIRMED.

_____

[1] Parr claims maritime law defines an "oceangoing vessel" for tax purposes as one engaged in interstate or foreign commerce on the high seas. *See Japan Line, Ltd. v. Los Angeles Cnty.*, 441 U.S. 434, 442 (1979). Even if he is correct, though, Parr does not explain why this principle from a very different context should override New York's on-point insurance law on what constitutes an oceangoing vessel.

[2] Yachtinsure raises two additional arguments for affirmance. First, it argues that New York's prohibition on named-operator clauses applies only to policies issued in New York upon vessels garaged or used in New York. Second, it argues that the prohibition applies only to third-party liability coverage. But neither argument was raised below, and so we decline to consider them now. *See Vargas v. McHugh*, 630 F. App'x 213, 217 n.3 (5th Cir. 2015) (explaining we do not generally consider legal arguments "raised for the first time on appeal").